UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNETH MAYEAUX (#318576)

VERSUS                                              CIVIL ACTION

MACK MCKEE, ET AL                                   NUMBER 14-72-SDD-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, November 10, 2014.

                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNETH MAYEAUX (#318576)

VERSUS                                                    CIVIL ACTION

MACK MCKEE, ET AL                                         NUMBER 14-72-SDD-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is Mack McKee's Motion to Dismiss pursuant to Rule 12(b)(5), Fed.R.Civ.P. Record document number 11. The motion is not opposed.

Pro se plaintiff, an inmate currently confined at St. Tammany Parish Jail, Covington, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Cpl. Mack McKee and East Baton Rouge Jail. Plaintiff alleged that Cpl. McKee subjected him to an excessive use of force in violation of his constitutional rights.

**I. Factual Allegations**

Plaintiff alleged that while confined at East Baton Rouge Parish Prison he was subjected to an excessive use of force in violation of his constitutional rights. Specifically, the plaintiff alleged that on October 7, 2013,[1] Cpl. McKee slapped a tray out of the plaintiff's hands, kicked the plaintiff in the back and put his hands around the plaintiff's neck without provocation.

---

[1] Record document number 1, p. 7, exhibit to Complaint.

Plaintiff further alleged that Cpl. McKee made offensive comments during the incident.

## II. Applicable Law and Analysis

### A. Procedural Background

Plaintiff filed his § 1983 complaint on February 4, 2014. On February 27, 2014, the plaintiff's motion to proceed in forma pauperis was granted.[2] On that same date, the United States Marshal was ordered to serve the defendants wherever found.[3]

Plaintiff stated in the Process Receipt and Return Form USM-285 that the defendant's address for service was "East Baton Rouge Jail."[4] The service return states that "Lana Price, Secretary" was "personally served" on May 2, 2014, and indicates that service was made at the address provided. *Id.*

### B. Rule 12(b)(5) - Standard

Defendant Cpl. McKee moved to dismiss the complaint pursuant to Rule 12(b)(5), Fed.R.Civ.P. for insufficient service of process. Cpl. McKee asserted that service of process was insufficient because Lana Prince was not authorized to accept service of process on his behalf.

A Rule 12(b)(5) motion challenges the mode of delivery or the

---

[2] Record document number 5.

[3] Record document number 6.

[4] Record document number 8.

lack of delivery of the summons and complaint. 5B Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1353. A motion to dismiss pursuant to Rule 12(b)(5), turns on the legal sufficiency of the service of process. The party making service has the burden of demonstrating its validity when an objection to service is made. *Holly v. Metro. Transit Authority*, 213 Fed.Appx. 343 (5th Cir. 2007)(citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). If the plaintiff fails to establish the validity of service, Rule 12(b)(5) allows for dismissal of the action.

In the present matter, Cpl. McKee challenged the lack of service of the complaint. Plaintiff failed to respond to McKee's motion and present evidence demonstrating the validity of service.

The Federal Rules of Civil Procedure provide for service of process by doing any of the following: (1) delivering a copy of the summons and complaint to defendant personally, (2) leaving a copy of the summons and complaint at the defendant's dwelling or usual place of abode with someone of suitable age and discretion who resides therein, or (3) delivering a copy of the summons and complaint to an authorized agent. Rule 4(e)(2), Fed.R.Civ.P.

The record clearly shows that the not summons and complaint were not delivered to Cpl. McKee personally by the U.S. Marshal, nor left at his dwelling or usual place of abode. There is no evidence that Lana Price is the defendant's authorized agent for

3

the service of process. As a result, the plaintiff's claims against Cpl. McKee are subject to dismissal pursuant to Rule 12(b)(5), Fed.R.Civ.P.

It is well-established that service of process by pro se, IFP litigants, is governed by "[s]pecial," or more lenient rules. *See Lindsey v. United States R.R. Ret. Bd.,* 101 F.3d 444, 446 (5th Cir. 1996). Nonetheless, when the failure of effective service may be ascribed to the plaintiff's "dilatoriness or fault" or "inaction," the case may properly be dismissed. *Holly v. Metropolitan Transit Authority*, 213 Fed.Appx. at 343; *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).

On June 3, 2014, Cpl. McKee filed a Motion to Quash Service in which the plaintiff was placed on notice that Lana Prince was not authorized to accept service of process on his behalf.[5] On June 4, 2014, the motion was denied because the defendant failed to cite Rule 12(b)(4) or (5) or cite any case as a basis for granting the relief requested.[6] On June 6, 2014, Cpl. McKee filed this Motion to Dismiss specifically relying on Rule 12(b)(5). Plaintiff did not respond to the motion or take any action to correct the improper service.

---

[5] Record document number 9.

[6] Record document number 10.

4

**C. Rule 4(m)**

Under Rule 4(m) a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). However, if a plaintiff can establish good cause for failing to serve a defendant, the court must allow additional time for service. *Id*.

To establish good cause, a plaintiff has the burden of demonstrating "*at least* as much as would be required to show excusable neglect...." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). "[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice...." *Id*. In addition, "some showing of 'good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified' is normally required." *Id*. (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (1969)). It is "irrelevant that the defendant not served within the 120-day period later finds out about the suit or is in fact later served, so long as there was not good cause for the failure to serve within the 120 days." *Id*. at 1305-06.

An incarcerated pro se plaintiff is "entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the U.S. Marshal to properly effect service of process,

where such fault is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d at 1110. However, if the failure to timely effect service is due to the "dilatoriness or fault" of the plaintiff, he will be unable to show good cause for such failure. *Id*.

Plaintiff was given clear notice more than five months ago that Cpl. McKee contends that service on him was not sufficient.[7] In addition, the plaintiff failed to oppose the defendant's Motion to Dismiss pursuant to Rule 12(b)(5), Fed.R.Civ.P., and failed to take any action to have the U.S. Marshal properly serve Cpl. McKee. The record evidence supports a finding that the failure to timely effect service was due to the "dilatoriness or fault" of the plaintiff and that the plaintiff has not shown good cause for failure to timely effect service.

### D. Frivolous Standard

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.

---

[7] Record document number 9.

6

*Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff named the "East Baton Rouge Jail" as a defendant. Under Rule 17(b), Federal Rules of Civil Procedure, the capacity to sue or be sued must be determined by the law of the state in which the district court is held. Under Louisiana law a parish sheriff, whether in his individual or official capacity, is the proper party defendant. It is also well settled under Louisiana law that a sheriff's department or office or "parish prison" is not a separate legal entity capable of being sued. *Valentine v. Bonneville Ins. Co.*, 691 So.2d 665, 668 (La. 1997); *Jenkins v. Jefferson Parish Sheriff's Office*, 385 So.2d 578 (La. App. 4th Cir. 1980).

Because it is clear that the plaintiff's claims against East Baton Rouge Jail have no arguable basis in fact or in law and the

7

allegations fail to state a claim, the claims against East Baton Rouge Jail should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendant's Motion to Dismiss be granted, and the plaintiff's claims against Cpl. Mack McKee be dismissed for failure to timely serve the defendant pursuant to Rule 4(m), Fed.R.Civ.P. It is further recommended that the claims against East Baton Rouge Jail be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and this action be dismissed.

Baton Rouge, Louisiana, November 10, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE